IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RONALD E. NEWTON | § | |
| VS. | § | CIVIL ACTION NO. 1:14cv551 |
| LATASHA JOSEPH | § | |

MEMORANDUM OPINION AND ORDER

Complainant Ronald E. Newton, an inmate at the Stiles Unit, proceeding *pro se* and *in forma pauperis*, brings this action against Latasha Joseph.[1] Complainant seeks the arrest and prosecution of the defendant for alleged criminal acts committed at the Stiles Unit.

Factual Background

Complainant filed this Affidavit for Warrant of Arrest and Affidavit of Complaint pursuant to Rules 3.4.1 and 9 of the Federal Rules of Criminal Procedure. Defendant Latasha Joseph is employed at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division. Complainant states that he has been subjected to voyeurism, sexual harassment, sexual abuse, and an intrusive body cavity strip search while confined at the Stiles Unit, all in violation of the Prison Rape Elimination Act and various state criminal statutes.

Standard of Review

An in forma pauperis proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989);

---

[1] This case was directly assigned to the undersigned magistrate judge pursuant to this district's General Order 14-10. Plaintiff has provided voluntary written consent to have the assigned United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment in accordance with 28 U.S.C. § 636(c). The defendants in this action have not been served; thus, they are not parties to the action at this time. As a result, their consent is not needed for the undersigned to make a final determination in this matter. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995).

*Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

In addition to the legal basis of the complaint, Section 1915 empowers the court to pierce the veil of the complainant's factual allegations if they are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Ancar v. Sara Plasma, Inc.,* 964 F.2d 465 (5th Cir. 1992). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton*, 504 U.S. at 32.

In *Denton v. Hernandez*, the Supreme Court "declined the invitation to reduce the clearly baseless inquiry to a monolithic standard." *Denton*, 504 U.S. at 33. Examples of complaints within the clearly baseless inquiry are those which describe fanciful, fantastic, or delusional scenarios. A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible. Pleaded facts which are merely improbable or strange, however, are not clearly baseless for Section 1915(d) purposes. *Id.*

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. 544, 570). Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. 544, 570.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id.*

Analysis

Complainant seeks the criminal prosecution of the defendant. The complainant asserts he is filing this complaint to the Magistrate Judge of Jefferson County to issue a warrant of arrest for criminal acts allegedly committed by Latasha Joseph. Complainant, however, mailed his complaint to the United States District Court, instead of the Jefferson County Court.

A prisoner has no right to bring a private action under criminal statutes because the prosecution of criminal offenses falls within the exclusive jurisdiction of the executive branch of the state and federal governments. *See Pierre v. Guidry*, 75 F. App'x 300 (5th Cir. 2003). A prisoner does not have a constitutional right to have someone criminally prosecuted; the decision of when and whether to file criminal charges clearly falls within the scope of the District Attorney's prosecutorial duties. *See Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *see also Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990). Accordingly, the complainant's request is not cognizable in this court as either a habeas petition or a civil rights action.

To the extent complainant's affidavit could be liberally construed as asserting civil, instead of criminal, claims under the Prison Rape Elimination Act (PREA), the claims are without merit. The PREA does not establish a private cause of action. *See Krieg v. Steele*, __ F. App'x __, 2015 WL 1652327 (5th Cir. Apr. 15, 2015). Therefore, the action should be dismissed as frivolous and failing to state a claim upon which relief may be granted. The dismissal should be without prejudice to allow the complainant to file his pleadings with the appropriate state officials.[2]

Order

For the reasons set forth above, complainant's complaint should be dismissed as frivolous and for failing to state a claim upon which relief may be granted. The dismissal is without prejudice to complainant's ability to file his complaint with the appropriate state officials or to his ability to

---

[2] While the court is dismissing this action, it makes no comment on the merits of any possible civil rights claims plaintiff may present in the future. If the complainant wishes to pursue any possible civil rights violations he may do so by filing a separate civil rights action in this court. The Clerk of Court is DIRECTED to forward the appropriate forms to complainant so he can file a civil rights action with this court if he wishes.

later file his claims as a civil rights action. A final judgment will be entered in this case in accordance with this order.

SIGNED this 1st day of May, 2015.

_____
Zack Hawthorn
United States Magistrate Judge